**In re the MARRIAGE OF Joseph KULPEKSA and Barbara Kulpeksa.**

**Joseph Kulpeksa, Petitioner–Appellant,**

v.

**Barbara Kulpeksa, Respondent–Respondent.**

**No. SD 32043.**

Missouri Court of Appeals,
Southern District,
Division One.

April 23, 2013.

Application for Transfer to Supreme Court Denied May 14, 2013.

Application for Transfer Denied June 25, 2013.

---

Shawn D. Young, for appellant.

John M. Albright, Daniel T. Moore, for respondent.

Before LYNCH, P.J., RAHMEYER, J., and FRANCIS, J.

PER CURIAM.

Joseph and Barbara Kulpeksa were married for twenty-nine years and had two unemancipated children at the time of the divorce. Joseph is a physician; Barbara is a pharmacist.[1] Joseph brings this appeal alleging error in the award of maintenance to Barbara. We find no error and affirm the award.

The parties agree on little concerning the income or expenses of the parties. The trial court found that Barbara had gross income of $9,553.00 per month and net income of $6,208.00 per month, whereas Joseph had income of $37,234.00 per month; the court further found that Barbara's reasonable expenses exceeded her income by $8,238.54 per month. The court then ordered maintenance in the amount of $5,000.00 per month.

Joseph's first point complains:

The trial court erred in awarding Respondent maintenance because it (1) failed to consider property of the Respondent including marital property awarded to her in determining whether

---

1. For purposes of clarity, we refer to members of the Kulpeksa family by their first names. No disrespect is intended.

Respondent could meet her reasonable needs and (2) erroneously failed to determine that Respondent was able to support herself through appropriate employment and (3) failed to consider all relevant factors required pursuant to § 452.335.2, RSMo. and (4) erroneously declared and applied the law pursuant to § 452.335, RSMo.[2]

■ As to Joseph's first claim of error, he provided no information that Barbara was awarded any income-producing property. In fact, she was not. She was awarded a house with equity of $73,000.00 less the $7,333.00 owed for property taxes; she was also awarded a 2007 Cadillac Escalade with 160,000 miles on it valued at $20,000.00. The rest of her property included pets and personal property. There was no retirement, no savings accounts, no life insurance policies with cash value, and no income-producing assets. In other words, Barbara was not awarded marital property that assisted her in meeting her reasonable needs.[3] Joseph's first subpart has no merit.

Joseph's second subpoint claims that the court "failed to determine that Respondent was able to support herself through appropriate employment." The literal response to this allegation is that the court surely did determine that Barbara was not able to support herself. It states so in the decree. If Joseph is actually complaining that the court's determination was error because her statement of expenses was inaccurate, which is the thrust of his argu-ment, that complaint is likewise unfounded.

■ Joseph complains that several of Barbara's expenses were excessive and not current expenses. For instance, Joseph complains that a car expense was listed even though Barbara does not have a car payment, does not have recreation expenses at this time in the amount of $400.00, can clean her own home, can sell the horses, and can quit the Country Club the parties belonged to. Whether any or all of the individual expenses were excessive, we believe the court was concerned about the unsecured marital debts totaling $330,750.00 including the secured debt in the amount of $110,250.00 to Wife's parents on their family home.[4] Joseph attempted to file for Chapter 13 bankruptcy while the divorce was pending and testified that he intended to do so again once the judgment was entered. The court could consider the lack of available income to Barbara and the substantial debts of the parties, even though some were awarded to Joseph, when considering if Barbara had sufficient income to meet her reasonable expenses.[5] Joseph's first point is denied.

■ Joseph's second point claims error in ordering a temporary support order to remain the obligation of Petitioner because it was ambiguous and inconsistent with the Judgment and Decree. Once again, Joseph's complaints, particularly the final two complaints, are simply complaints of the legal standard but provide no insight

---

**2.** Neither subsection (3) or (4) states a claim of error, nor are they developed in the argument; thus, we have not addressed them.

**3.** Despite the considerable income available to this couple, the parties had few assets and considerable indebtedness.

**4.** The parties borrowed the money to pay unpaid taxes.

**5.** It should be noted that this couple spent their retirement income to put Joseph through medical school. Once the court determined that Barbara could not meet her reasonable expenses, the court could consider the substantially greater earning capacity of Joseph.

into why the order was ambiguous and inconsistent with the judgment. His argument provides no assistance. The trial court merely stated that the "temporary support remains the obligation of the Petitioner" and "Petitioner shall be responsible for the full payment of all obligations in the temporary orders and judgments of temporary support." Joseph claims that the orders create a double obligation at the same time. We do not read his orders in that manner. Joseph simply owes the amount that he was ordered to pay in the previous support orders prior to the dissolution. Joseph's second point is denied.

Joseph's third point claims the trial court erroneously applied the law and abused its discretion in ordering Joseph to pay Barbara's bankruptcy attorney fees. Joseph does not state in his point why the trial court had no authority to order Joseph to pay what was undoubtedly a debt of the parties. He states that a trial court is without authority to order the payment of fees in a bankruptcy proceeding. That goes without saying; however, the dissolution is not a bankruptcy proceeding. The court simply ordered the payment of a debt that was accrued by Barbara during the pendency of the action and noted that the expense was necessitated by Joseph's filing of the bankruptcy. Joseph's third point is denied.

The judgment is affirmed.